May I please the court? It's an honor to be here today. Thank you so much for inviting us down. The nature of fundamental rights, Your Honor, is that they cannot be taken away by majority vote. That's exactly what happened in 2017 to my clients, the Satanic Temple. The City of Belle Plaine opened up a free speech zone in their public park for the contemplated purpose of establishing private monuments, privately held monuments deemed to be private speech for the sole purpose of, and I'm quoting the mayor here, basically so they could put the cross back in the park. In the course... I cannot understand. You're not articulating or you're talking too fast. My ears are old. You're just going to have to speak more clearly for me. Beg the court's pardon. The issue today is a religious matter. Free speech and free exercise, as the United States Supreme Court just reiterated in Candy v. Bremerton, you cannot, as a government, stop religious speech. You cannot stop religious exercise. Because that power is explicitly and contemplatedly removed from not just federal government, but since Cantwell v. Connecticut, from the state governments in the cities as well. That's exactly what happened here. The city opened up their free speech zone. The tie-breaking vote said, I'm concerned about satanic... That principle, obviously, is true in many situations, but the principle that for me is more pertinent is a quote from Cornelius. Nothing in the Constitution requires the government freely to grant access to all who wish to exercise their right to speech on every type of government property without regard to the nature of the property or the disruption that might be caused. Now, on the merits, if the court gets there, that's what has to be litigated. Yes, Your Honor. As to the merits, that's true. However, Cornelius and also Perry and also NAACP, all cited in our briefing, says you cannot engage in viewpoint discrimination. If there's one common thread throughout all of First Amendment jurisprudence... Yes, but that's... This is neutral on its face. I disagree, Your Honor. Oh, I know you do. Of course. The reason why... But not on the text. Where in the text is it not neutral? Well, for one, they specifically put in the text of the resolution that the monument cannot be any larger than the Christian monument. That was the first point of endorsement that we addressed in the amended complaint. You are limited to this size of monument. And what's facially not neutral about that? Well, when we speak to neutrality, it speaks to the delineation... Minneapolis declared many years ago that they will not approve a building higher than the IDS Center. Was that not viewpoint neutral? On those facts alone, yes, Your Honor. But what if they said we're concerned about... I mean, IDS Center is not a good example because it's free speech. Say it's the... Because we don't want planes flying into something higher. Well, that's viewpoint neutral. Now, the problem is that... You're just picking and choosing among viewpoints. I disagree, Your Honor, because the problem here is that we have pretext, the complaint alleged pretext. So facial neutrality may get us there. However, we disagree that it's facially neutral. For one, they said that it cannot be any larger than the Christian monument. That's different from the IDS building because they explicitly stated... I was hoping an oral argument would be taken up mostly by the procedural issues because I don't... I'm not sure we can or even... or should or even can get to the merits you're talking about. Well, there are two procedural issues at play then. We have the three procedural issues at play. I'd say the first one is the original dismissal, the one without prejudice. The dismissal without prejudice was error because the complaint said it was viewpoint discrimination irrespective of what the judge said with regard to facial neutrality. You have to be able to appeal that. We did appeal it. We're here up on appeal, Your Honor. Well, but you completely ignore a controlling principle of Eighth Circuit law. Denial of leave to amend is a final judgment for res judicata purposes. Correct. And you're appealing the denial of the leave to amend. Also correct. Well, all right. So why... It seems to me that arguably at least your appeal of the July 31, 2020 order is untimely and or precluded. No, Your Honor. That's my principle. I don't want to address that in the brief, so do it now, please. The order itself says dismissed without prejudice. Definitionally, that means we're allowed to refile. And number two, an order is not final until it is final on... I was asking about the timeliness of the ST-1, I guess it's referred to, merits order. Your Honor, the order was not a final judgment on the merits. We couldn't appeal then. It would have been piecemeal litigation. We're not allowed to appeal and... But then you were denied leave to amend. Correct. And that was a final order with respect to that issue. With respect to allowing us to amend, but that didn't... If that was precluded, if ST-2 was precluded by the denial of motion to amend, then why... What case lets you sneak in ST-1 now? Well, it's not final. That's the whole argument. So Kalinsky is the one that addresses that. But if it is final... Presuming it is final, we have a circular issue in which the appeal was defeated by the nature of the facts that caused the appeal. What we have is Kalinsky. Kalinsky is the case that the Court's looking for. I told you what my concern is and the reason I'm aggressive. The reason, Your Honor, why that original notice of appeal was timely is because it's not after the final judgment on the merits. The magistrate's order is not a final... What notice of appeal now are we talking about? We are talking about the one after the end of Satanic Temple 1, which was simultaneously the end of Satanic Temple 2, the order on summary judgment as to the promise of... Has there been more than one appeal to this Court? Yes, Your Honor. There's also the sanctions appeal. So after the... I don't know what you're talking about. I can't follow you. He says there's two, that there's the direct appeal and the sanctions appeal. Correct. So there was... They were simultaneous. There was nothing earlier, right, than this appeal. Not in this appeal, no, Your Honor. So the timeline goes... One notice. Correct. There was one notice. So Satanic Temple 1 and Satanic Temple 2 both ended on the same day at the same time by the same order. It actually has both case styles on the top. Satanic Temple 1 had a promissory estoppel count still outstanding. That precludes finality. That's why nothing that happened before that could have been final. I know that's your argument. You have a case that allows that, this timing to bring up something that you could have brought back to the district court or even to this court when the motion for leave to amend was denied. The order from the magistrate, we have the statute which supersedes the case, but we have several cases, Your Honor. One of them was citing the... I just read you controlling a circuit law, which was cited by the district court, an opinion I wrote, professional management associates. The difference between this case and professional management associates, and also all of the other cases in that same line, is the absence of a dismissal, a preceding dismissal without prejudice. Kalinske has a dismissal without prejudice. In Kalinske, there was a dismissal for want of jurisdiction. They tried to amend. Amendment denied. They refiled, just like we did. Goes up to the Eighth Circuit. Eighth Circuit says, you cannot contort a dismissal without prejudice into a dismissal with prejudice by denying leave to amend. That's Kalinske. Well-cited case law. The district court tried to get around that by saying, well, that was just a dismissal for want of jurisdiction. But Rule 41b is clear. You can only have with or without prejudice. The magistrate cannot enter an order with prejudice because 636, 28 U.S.C. 636, explicitly precludes it. We do not consent to magistrate disposition. The constitutional claims were jettisoned from Satanic Temple 1. But you're saying professional management associates is wrong. I'm saying it's distinguishable. The difference between here and there and all those other lines of cases, you know, we had instances where someone lost on summary judgment on the merits. They didn't have a preceding dismissal without prejudice, which entitled them to refile. They lost on summary judgment. They said, oh, wait, here's this other claim that we want to bring up. The answer is no. You should have brought it sooner. That's the King case from Second Circuit. Other cases similarly situated, you had a jury trial. Trustee loses. This is a bankruptcy case. Bankruptcy trustee loses at jury trial, says, I want to try again. Judge says, no, you can't do that. They refile anyway. Clearly sanctionable territory. Clearly you cannot do that territory. This is different. This is a case where the district judge explicitly told me I have leave to refile without prejudice to another suit. I took them up on it, and I was sanctioned for it. That's not correct. I see that I'm dipping into my rebuttal time, Your Honors. Unless the Court has further questions, I reserve the rest. I'm in rebuttal time. You may. Thank you, Your Honor. So you're resting on the briefs on all other issues, including the denial of the motion to amend as untimely? Correct. Well, we never appealed the denial of leave to amend because it's discretionary. The way we saw it is it's a jurisdictional problem. No, the district court upholding the denial of the motion to amend in the order on appeal. Wasn't that part of the ruling? That was part of the ruling, yes, Your Honor. That was not appealed. Correct. We're not taking issue with timeliness issues. That's a discretionary matter. Our sole predicate here is jurisdictional. Thank you, Your Honors. Mr. Mills? May it please the Court, I'm Monty Mills, and I represent the City of Belle Plaine and all appellees. I want to address a few points this morning. One, the prescinding resolution was two, a limited public forum, which was what the City closed here, may be closed under applicable precedent. Third, the prescinding resolution imposed no burden on the temple's religious belief or practice. And finally, the temple's second lawsuit was barred by res judicata. So what about the appeal of the July 30, 2020 order, which is tagged along at the last part of the notice of appeal? If that's not precluded, who cares whether the ST-2 is barred? Well, they're almost identical issues, right? Yes, I agree. So nobody comes to argue procedure. As I tell my law clerks every year, procedure is substance. I agree there are procedural issues. I don't care about the ST-2 merits issues if I have to deal with them on the ST-1 order. So address that, please. Thank you. So the preclusive effect of the second lawsuit arose from the denial of the motion to amend the complaint in the first lawsuit. By the magistrate judge. The magistrate judge did deny the motion to amend the complaint. However, the district court, that was appealed, or, you know, they took exceptions to it. But significantly, and this is an important procedural issue, Your Honor, the temple did not show good cause to amend. And that's, of course, reviewed for abuse of a discretion. The temple failed to preserve this issue below. The district court, when considering the objections to the magistrate judge's order, specifically found the temple forfeited those objections. Did they appeal the merits of the July 31 order? Or no, I guess that was the district court. That was the district court, yes, Your Honor. And then the district court found that the temple forfeited objections to the magistrate judge's determination that the temple lacked good cause to amend the complaint. Did the temple then seek a 54B determination so they could appeal the July 31 order? I don't believe they did. Okay, so they waited to try the promissory estoppel issue and moved to amend. Well, they waited to try in the district court and they moved the magistrate judge to amend. They did make a motion to amend. That was a bar, a grace judicata bar under our authorities. Correct. Which the temple, of course, doesn't agree with. Yeah, and we think professional management associates was correctly decided. But it's important. Now how can, so now it goes to final judgment on promissory estoppel. Yes. The district court retroactively blesses the denial of leave to amend and enters a final order. Well, yes. Why is the earlier merits order either precluded or not precluded? Review at this time. The, so to be clear, the magistrate judge's order, finding there is no good cause to amend the complaint, that was subject to objections. However, the temple forfeited objections based on the lack of good cause, and the district court specifically found that. So the district court did review that magistrate judge's determination that they lacked good cause to amend the complaint. Yeah, and that's. You know, nobody wants to get to this question. I think the question that Judge Loken is asking is pretty, well, it seems to me fairly straightforward. What he's asking is that the satanic temple elected not to ask for Rule 54B relief and to bring an appeal on the issues that were disposed of because the promissory estoppel issue remained. They, those issues have been dismissed without prejudice. They made an effort to amend. They lost on that effort to amend. They made an effort to refile a whole new lawsuit that had basically the same issues plus, and they then were barred by race judicata. And the question that Judge Loken is asking is or is not the original ruling that the claims other than promissory estoppel were dismissed, time-barred, and no one. Or otherwise precluded. Or otherwise precluded. I think they're otherwise precluded, yes. Okay, so. And the answer is why are they otherwise precluded? Under the Professional Management Associates decision. No. No, it didn't touch this issue. I don't think, I didn't read the Kudinski, which wouldn't. I don't think it reached it either. I do want to address Kulinski because that doesn't apply here. Kulinski arose in a. Nobody wants, you have any authority on this unusual issue? Your Honor, I do not have authority on the rule. Opposing counsel makes a facially plausible, if not almost presumptively correct that, you can always appeal any preceding order when final judgment is finally entered. So long as you adequately put in your notice of appeal that you want to do that. Or it's brought up just because it's necessarily a denial of summary judgment is necessarily often brought up. So they did that because the final order in ST1 wasn't entered until the order that's under appeal. But they took their amended complaint and rather than go to the district court, wait for the district court to rule on objections or seek to do an interlocutory appeal of that, they just wrapped their amended complaint in ST2 and filed it. And that was now, the ruling is at issue, but the district court said, that's barring. That's res judicata barred. It's not time barred. It's res judicata barred under professional management associates. And that's correct. Yes, but you can still consider all the issues because we have a timely appeal of the final judgment in ST1, which includes the earlier dismissal without prejudice. Why are they wrong? I don't have authority that they're wrong about that. Okay. Okay. Then we... But I do want to say that professional management associates does bar the second lawsuit, and that's clear. Does it really matter if the second lawsuit is barred or not barred if all the issues are subsumed in the first lawsuit anyhow? I mean, there are a couple of extra things in ST2, but they're not the real fighting issues in this case. And they're more about detail than the nature of the claims. That's fair, Your Honor. Right. And so if they're not procedurally or time barred, then we've still got ST1. It's all still alive for us, and we've got all those issues that we've got to deal with, right? There do appear to be a lot of issues. This is not a case where the issues have been narrowed on appeal. Right. And it does appear that your argument essentially is that what we did was completely neutral on its face. And their argument, at least in part, is, yeah, hey, but you've got to look at the milieu out of which these neutral actions arose. And one of the things that happened in that is that we have a comment by one of the city commissioners that says, hey, what if the Satanic Temple does X? And then when they say they're ready to put their monument up, all of a sudden we've decided to get rid of this space that we had opened up for free speech purposes. And they're saying that's a content-based decision. And, of course, there are cases out there in other First Amendment contexts where you do look at what's all going on inside this community and what the decision makers are actually saying in making this decision. And I assume that your argument is, no, you look at is the legislative action based on their actions. It's content-neutral on its face. It applies to everyone. It's consistent with the original grant of the license to place the monument and, therefore, no problem. And so why are they wrong that they say we ought to look at the letters and the emails that say what they say and the public uproar that took place? MR. BROWNLEE Well, let me, Your Honor, address the councilmember question. I don't think there's any dispute that the city attorney answered the councilmember's question in the negative. He said, no, you can't exclude. MR. And they went ahead and approved the limited form anyway. The city also approved a permit for the temple. It goes to the issue of motive. And this court in Ambassador Books' case versus the city of Little Rock cited O'Brien. And they said, you know, you can't – Ambassador Books versus the city of Little Rock, Your Honor, is 391 U.S. 367. And that stands for the principle that you can't strike down a racially constitutional, neutral, generally actable law based on some illicit legislative motive. And that's been the law for a long time. And Ambassador – MR. BROWNLEE Is it a – if we conclude that a dismissal without prejudice was appropriate at that time, place, and manner, so to speak, does that end the appeal of that? MR. BROWNLEE Yes. MR. BROWNLEE And do you have authority for that? Well, because nobody thought of this. MR. BROWNLEE I don't have authority, Your Honor. MR. BROWNLEE You know, it could have been not right. It could have been a facial attack that could only be made on its – you know, as applied. There could be a lot of reasons for a proper dismissal without prejudice that does not reach the First Amendment merits. It's temporary. MR. BROWNLEE Well, here –  BROWNLEE That we'll get to. MR. BROWNLEE Here I go back to this motion to amend the complaint where the district court found that the plaintiff lacked good cause to amend. And part of that finding was that they knew or had access to all the facts when they filed their first complaint because there was matters of public record and they had received the city's internal documents by a public records request. And so the district court found they lacked good cause to amend. They had all these facts. And they did not preserve that issue. The district court found that the temple forfeited their objections to the magistrate's determination that the temple lacked good cause to amend the complaint. The temple never specifically challenged those findings. And that's reviewed for – by abuse of discretion here. And – JUSTICE KENNEDY That's not the question. The question would be an authority that says if there's an interlocutory dismissal of some claims without prejudice and the case proceeds to a final order and the final order is appealed and the court of appeals concludes that the dismissal without a prejudice was appropriate when entered regardless of the merits of the claims that were thereby dismissed, does that end the appeal of that order? I think the answer is yes. MR. BROWNLEE I agree. Well, but nobody talks about that. I'll bet there's – there's probably cases out there on that. JUSTICE KENNEDY Your Honor, I apologize for not providing the court with authority today. MR. BROWNLEE Well, the briefs unhelpfully just mix up the merits, ST1, ST2. Let's just talk about them. It doesn't matter what we're appealing. But it matters a lot if ST2 was raised due to Cotabard. And there's no question it is. JUSTICE SCALIA This is a question that's on appeal. MR. BROWNLEE Well, I agree. From our perspective, we believe professional management associates bars it. This notion that Kalinsky applies is just flat out wrong. Kalinsky was about dismissal for lack of jurisdiction, and that's different than dismissal for failure to state a claim. And so Kalinsky just straight out does not apply here. It's professional management associates that applies.  JUSTICE SCALIA When we look at the lack of good cause in this case, it seems like – and I may be wrong because I've read a lot of stuff from the last week, right? But looking at the district court's order, it looks like part of what they're complaining about is that, one, is you had all this information. Two, is that you delayed beyond the time ordinarily allowed under the existing discovery order to amend the complaint, and that the amendments are sought afterwards. And they're going to say that, well, nothing had fully developed and they didn't have the information until after that time. Why are they wrong on that? I know I'm taking up all the rest of your time, but if you could please answer my question, I'd appreciate it. MR. BROWNLEE Your Honor, look at Appendix 398 that says the temple obtained the city's internal emails about this matter by a public records request. I would also encourage the court to look at – this is from the district court record ECF-70, Exhibit 9. And that's a document that shows that in August 2017, the Belle Plaine records were released pursuant to a public records request. And so they had all this information back in 2017. The complaint wasn't filed until 2019. And so the district court – the record supports the district court's determination that the temple lacked good cause to amend. That's reviewed for abuse of discretion. And I do not believe the district court abused its discretion in denying leave to amend where the movement failed to show good cause.  GARGANO Thank you. MR. BROWNLEE Thank you, Your Honor. MR. BROWNLEE Your Honor, procedure is substance. The second restatement of judgments, opening chapter, explicitly states if you misapply res judicata, you take away a plaintiff's cause of action without ever hearing it. It's exactly what happened here. The judge said, well, you didn't plead it good enough, so I'm not going to hear you now. But you can – you can refile. But then when we tried to amend, the answer was no because we waited two months. And then when we tried to refile, the answer was no and also how dare you. Procedure is substance. TST never got an answer as to the constitutional question that it posed.  Never once. GENERAL VERRILLI But here's – here's kind of the question in my mind. You have to think about how district courts work and what they do, right? We say, okay, we've got this discovery order. There's a time to amend. You've got the information you've got. You know, you can amend basically as of right for the – for the first period of time. Then you've got a period of time where leave should be freely and voluntarily given. And then if you get past that date, you've got to have good cause to amend, right? And it looks like what the district court says is, yeah, you waited to get to the good cause part, and I'm not seeing it on this record. Why is the district court wrong on that decision? MR. VERRILLI The substantive difference between Satanic Temple 1 complaint and Satanic Temple 2 complaint is that I threw it all out there so that we could have a good record of we know very well that we're supposed to win on the merits here. Okay? There's no two ways about it. They very explicitly shut down that part for the contemplated purpose of suppressing TST's viewpoint. All right? That's the difference. We don't have to plead our evidence in a complaint. It's not a summary judgment motion. It voluntarily notwithstanding, Rule 8 still says. And so your argument is there is an abuse of discretion on the part of the district court because the district court, when you filed for leave to amend, you did not make a substantive change in the nature of the claims made, but you instead pleaded with greater specificity, and that should have, and so that didn't change anything on the It was an abuse of discretion to deny that leave to amend at that point. I agree with that, but our argument more particularly is that once the judge dismissed without prejudice, that jettisoned the constitutional claims and explicitly granted us leave to refile, irrespective of what happened. JUSTICE SCALIA You added, you wanted to add the claims that you added in ST2, right? Procedural due process. We wanted to add in those claims into the first case through amending the complaint. We wanted to. We asked for permission to do that. JUSTICE SCALIA And that wasn't just greater specificity. MR. GOLDSMITH Well, yeah. We added a couple of the due process. I think there might have been some other, not quite throwaway, but, you know, detailed oriented claims, fallback positions, say. However, irrespective of that, you know, the problem is that the magistrate cannot preclude that second action, statutorily. Lacks the power to. Even if he wrote dismissed with prejudice, which he didn't, even if he wrote that in there, he still would lack that power. JUSTICE SCALIA That's not actually true, because a magistrate order that's not accepted to and not appealed for review to the district court becomes the final judgment of the district court. And at that point, it has preclusive authority, right?  GOLDSMITH But only at that point. That's the problem with this case. That's why we did what we did. We refiled that suit because we saw the writing on it. JUSTICE SCALIA Professional management associates, though, is different because you have, ultimately, this is the King case. In the Second Circuit, they explain all of this. The gist of it goes like this. This whole magistrate denial of leave to amend operating as a de facto judgment on the merits, the whole point is that the plaintiff brings all of their stuff at once. But then in the Second Restatement of Judgments, which I cite in Section 2 of the brief, it details it all out. That whole framework falls apart when they try. JUSTICE SCALIA But that's not controlling. In the Second Circuit, it isn't controlling. GOLDSMITH Kulinski is. JUSTICE SCALIA Is it before or after professional management? GOLDSMITH It's before, and it's on. JUSTICE SCALIA Then it's not. Then it's, well, was it distinguished in professional? So, okay, it was distinguished? GOLDSMITH Actually, come to think of it, I think it's afterward, because they address the professional management line of cases. JUSTICE SCALIA Say again? GOLDSMITH Kulinski postdates professional management. There's a whole bunch of them. It's not just professional management. JUSTICE SCALIA Then it can't, then Mader says it doesn't control. GOLDSMITH It's distinguished. That's why. They say it's dismissed without prejudice. You cannot contort it into a dismissal with prejudice. All the other ones don't have that dismissal without prejudice. Which we do. JUSTICE SCALIA I don't understand that all the other ones don't have what? GOLDSMITH The professional management line of cases do not have an order of dismissal without prejudice, which precedes the denial of leave to amend. The order of dismissal... GENERAL VERRILLI Two items. Item number one, the plaintiff is deprived of a fair chance to bring their claim and actually get a hearing on it. And item number two, it again goes back to the Second Circuit statement of it's irrelevant. It's just an arbitrary line by which we see through experience that they should have brought it by then. But when you dismiss it without prejudice, it jettisons the case. Thank you, Your Honors. JUSTICE SCALIA Thank you.